## HUTTER v. KUHNER.

(Supreme Court, Appellate Term. February 11, 1910.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—RESERVATION OF OBJECTION—NECESSITY OF MOTION AT TRIAL.

A defendant, who makes no motion to dismiss at the close of the case, concedes only that there are questions of fact to be decided, and he still has the right, especially on appeal from the Municipal Court, to object that the decision is contrary to law or to the weight of evidence.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. BROKERS (§ 51*)—COMPENSATION.

A real estate broker earns his commissions if he brings the minds of the parties together, so that the vendor and vendee are in exact agreement on all the terms of a contract of purchase.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 69; Dec. Dig. § 51.*]

3. BROKERS (§ 86*)—ACTIONS FOR COMPENSATION—SUFFICIENCY OF EVIDENCE.

Evidence in a suit by a real estate broker for commissions held insufficient to justify a recovery.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Louis Hutter against Christian G. Kuhner. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Wager & Acker, for appellant.
Henry Goldstein, for respondent.

LEHMAN, J. While the defendant made no motion to dismiss at the close of the whole case, this conceded only that there were questions of fact to be decided. The defendant still has the right, espe-

cially- upon an appeal from the Municipal Court, to object that the decision upon these points is contrary to law or to the weight of evidence. In this case the plaintiff had a right to recover commissions only if he earned them—that is, if he brought the minds of the parties together, so that vendor and vendee were in exact agreement upon all the terms of a contract of purchase. Concededly, the parties never signed a formal contract; but the plaintiff claims that the "binder" signed by the defendant shows that he was ready to sell upon the terms embodied therein, and he claims that the purchaser was ready, able, and willing to buy upon the same terms.

I certainly believe that the purchaser was ready and willing to perform. Many people are willing to sign a contract by which they can obtain another man's property without payment for it; but it is quite incredible that any man should knowingly agree to sell an equity in real estate worth $16,000 upon terms that would allow the purchaser, by juggling the mortgage, to obtain the property at a total cost of $5,000. The binder was drawn up by the plaintiff. The defendant apparently knew little of real estate, and trusted the plaintiff implicitly. Even according to the plaintiff's story, he read the contract to the defendant. He claims that he then explained the contract carefully to the defendant. Conceding, for the sake of argument, that he did explain its terms to the defendant, there is no possibility of believing that he made the terms clear to him. It is quite incredible that a broker, realizing his duties, would even carry such a proposition in good faith to a purchaser. He knew that he was employed to sell the property, not to give it away. Upon the whole record, I feel that the jury's verdict is based upon a misunderstanding of the evidence, and should be set aside.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.